**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-4687

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TYRENCE DENARD DOWNEY,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:09-cr-00109-NCT-1)

Submitted: May 5, 2011           Decided: May 26, 2011

Before GREGORY, SHEDD, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eric H. Imperial, LAW OFFICES OF ERIC H. IMPERIAL, Washington, D.C., for Appellant. Michael Francis Joseph, Terry Michael Meinecke, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrence Denard Downey was found guilty after a jury trial of three offenses relating to the July 2008 robbery of the Happy China Buffet in Randleman, North Carolina: interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (2006); brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), (c)(1)(C)(ii) (2006); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). Downey then entered a plea, pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), to one count of interference with commerce, in violation of 18 U.S.C. § 1951(a), for the May 2008 robbery of the China Café in Kernersville, North Carolina.

Downey's appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he finds no meritorious issues for appeal. Counsel questions whether the sentencing court erred in denying Downey's objection to the assignment of two criminal history points for each of Downey's two previous assault convictions. We review such a legal conclusion de novo. United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010). We find no error: although both of Downey's assault convictions arose from the same underlying incident, the two assault charges were brought via separate instruments and sentenced on different days. Thus, the

2

convictions were properly counted separately for the assessment of criminal history points. U.S. Sentencing Guidelines Manual § 4A1.2(a)(2) (2009).

Downey, through a pro se filing, raises several supplemental arguments. We have reviewed these contentions and do not find them meritorious. Downey's trial conviction was supported by substantial evidence, and the district court did not err in its evidentiary rulings.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Downey's convictions and sentence. This court requires that counsel inform Downey, in writing, of the right to petition the Supreme Court of the United States for further review. If Downey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Downey.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3